Mathews, J.
delivered the opinion of the court. This action is brought on a verbal promise, said to have been made by the defendants' testator, according to which he was to pay over to the plaintiff all the surplus of the sum of six thousand five hundred and eighty-nine dollars, the price for which the plaintiff had re-sold to him the tract of land, described in the petition, which, it is averred, he sold for eight thousand dollars, with specified interest thereon. The difference between the latter sum, with said interest, and the former, is claimed.
It is the opinion Of this court, that the promise or agreement this made, must be consider- *615 ed either as a donation on his part, as an addition to the price at which he re-purchased the land, by a deed, bearing date of the 11th of March, 1811.
East'n District.
July, 1818.
Maybin for the plaintiff, Turner for the defendants.
As a donation, being verbal, the agreement created no perfect obligation on the part of the testator to fulfil his promise, and his executors cannot be legally compelled to comply with it.
If the agreement be considered as a stipulation to pay an additional price for the land, the plaintiff and appellant is equally without a remedy: it makes no part of the written contract between parties, and parol evidence cannot be received in its support. This point was settled in Clark's ex's & al. vs. Farrar, 3 Martin, 252, 253.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.